IN THE UNITED STATES DISTRICT COURT,
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

DIVISION:  FT.  LAUDERDALE

CASE   NO.       11-80850-CIV-
DIMITROULEA

JUAN  B.  OLIVA  and  MIGDALIA  P.
OLIVA, his wife,

     Plaintiffs,

vs.

NBTY, INC., NBTY MANUFACTURING,
LLC, a foreign corporation and REXALL
SUNDOWN, INC., a Florida corporation,

     Defendants.

_____/

**PLAINTIFFS' RESPONSE TO NBTY,
INC.'S MOTION FOR SUMMARY
JUDGMENT BASED UPON STATUTE
OF LIMITATIONS**

     Plaintiffs, JUAN B.  OLIVA and MIGDALIA P.  OLIVA, his wife,  pursuant to Federal

Rules of Civil Procedure 56 (c)  and  Rule 7.5 of the Local Rules responds to Defendant

NBTY, INC.'s Motion for Summary Judgment Based Upon the Statute of Limitations as

follows:

**STATEMENT OF THE CASE**

     1.     As Defendant states, Juan Olivia was injured in workplace accident on June

26, 2007.  Plaintiff originally sued REXALL SUNDOWN, INC.  and NBTY MANUFACTUR-

ING, LLC.    On June 9, 2011, a bifurcated non-jury trial was heard before Judge David

French based upon the allegations contained in the Plaintiff's Second Amended Complaint

(Exhibit 1).  For almost four years based upon conduct created by this Defendant, and its

wholly own subsidiary Defendant, REXALL SUNDOWN, INC. the parties litigated the sole

*Oliva, et ux. v. NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division: Ft. Lauderdale
Case No. 11-80850-CIV-DIMITROULEAS

issue of who was Plaintiff's statutory employer under Florida Statute 440.11 on June 26,

2007.

2.      After the conclusion of the trial, the State Court Judge (French)

issued his order on June 28, 2011 (Exhibit 2), finding REXALL SUNDOWN, INC. was

Plaintiff's employer; Plaintiff's accident occurred on July 27, 2007; and only REXALL

SUNDOWN, INC. and no other entity had immunity and a mutual mistake existed in the

settlement agreement between Plaintiff and NBTY, INC.

3.      The Plaintiff on July 18, 2011 added Defendant, NBTY, INC. as a party by

filing a Third Amended Complaint (Exhibit 3).    Defendant had no objection to the

Amendment, no objection to adding NBTY, INC. nor did they raise statute of limitations in

opposition to adding NBTY, INC. at any stage.

4.      Thereafter, Defendant NBTY, INC. with the consent of REXALL SUN

DOWN, INC. and the LLC removed the case to this Court.   The Court later denied

Plaintiff's Motion to Remand. NBTY, INC. never uttered a word about statute of limitations

in briefs or oral argument.

5.      Defendant NBTY, INC. claims that they as a matter of law are entitled to

Summary Judgment because the   four year statute of limitations Florida Statute §

95.11(3)(a) expired before they were included in the state lawsuit.

6.      Plaintiffs; however, dispute the statute of limitations expired before including

*Oliva, et ux.  v.  NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division:  Ft.  Lauderdale
Case No.  11-80850-CIV-DIMITROULEAS

NBTY, INC.  on July 18, 2007 for the following reasons as to be discussed and answered in this Response:

1.  The statute of limitations as to Defendant, NTBY, INC.  was tolled through its own conduct by naming itself as the employer of Plaintiff in the Workers Compensation Agreement  with Plaintiff of April 24, 2010 (Exhibit 4).

2.  That no cause of actions existed against NBTY, INC.  until after the Court's June 28, 2011 ruling  (Exhibit 2), after the bifurcated trial concerning statutory employer.  The affect of which is a case within a case.

3.   That Count III, Strict Product Liability is clearly within both the four year statute of limitations and 12 year statute of repose, Florida Statute §95.031(2)(d).

4.  That  the Court's Order of June 28, 2011 finds Plaintiff's date of accident is July 27, 2007 and Plaintiff relied upon said Order and such error should not preclude Plaintiff from pursuing his claims, as Defendant neither objected to the order nor sought to vacate or amend it prior to removal.

5.  That the Relation Back Doctrine does apply to NBTY, INC.

6.  Defendant's defense of statute of limitations is barred by the Doctrine of Equitable Estoppel.

*Oliva, et ux.  v.  NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division:  Ft.  Lauderdale
Case No.  11-80850-CIV-DIMITROULEAS

7.     The date upon which the statute of limitations began to run and/or expire

is a question of fact for a jury which precludes summary judgment.

## LAW AND ARGUMENT

## I  AND  II

## THE WORKERS COMPENSATION AGREEMENT BETWEEN NBTY, INC. AND/OR

## THE COURT ORDER OF JUNE 28, 2011 CHANGES THE STATUTE OF

## LIMITATIONS DATES

7.     The Plaintiff does not differ with the law Defendant has cited as to summary

judgment standards, and of course, the Court is well familiar with the standards, but

Plaintiff does bring to the Court's attention, Ameril Corp. v.  New York Regional Rail Corp.,

943 So. 2d 264 (3rd DCA 2006) which case overruled the trial courts granting of summary

judgment based upon a statute of limitations defense, holding.

The law regarding summary judgment is well-established:

"[A] party moving for summary judgment must show conclu-

sively the absence of any genuine issue of material fact and

the court must draw every possible inference in favor of the

party against whom a summary judgment is sought... A

summary judgment should not be granted unless the facts are

-4-

*Oliva, et ux.  v.  NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division:  Ft.  Lauderdale
Case No.  11-80850-CIV-DIMITROULEAS

so crystalized that nothing remains, but questions of law....

If  evidence  raises  any  issue  of  material  fact,  if  it  is

conflicting, if it will permit different reasonable inferences, or if

it tends to prove the issues, it should be submitted to the jury

as a question of fact to be determined by it.    M o o r e   v .

Morris, 475 So.  2d 666 (Fla.).  Succinctly put, "[w]hen acting

upon a motion for summary judgment, if the record raises the

slightest  doubt  that  material  issues  could  be  present,  that

doubt must be resolved against the movant and the motion for

summary judgment must be denied." Jones v.  Directors Guild

of Am., Inc., 584 So.  2d 1057, 1059 (Fla.  1st DCA 1991)

(citations omitted)."

Because of the nature of this case, Plaintiff's claims against NBTY, INC. are not time

barred.  Because this case by its nature was a case within a case, that Plaintiff had no

redressable harm established against NBTY, INC.  until the conclusion of the bifurcated

trial. Zuckerman v.  Ruben Barnett, et al., 670 So.  2d 1050 (Fla 4th DCA 1996).  Further,

in April 2010, when NBTY, INC.  named itself Plaintiff's employer they became immune

from such under Florida Statute §440.11 up until the Court's Order of June 28, 2011.

8.    The  time  within  which  a  civil  action  shall  be  begun  under  any  statute  of

*Oliva, et ux. v. NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division: Ft. Lauderdale
Case No. 11-80850-CIV-DIMITROULEAS

limitations runs from the time the cause of action accrues, Florida Statute § 95.031.

9.      A cause of action accrues when the last element constituting the cause of action occurs Florida Statute § 95.031(1); <u>Elmore v. FPL</u>, 895 So 2d 475 (4th DCA 2005).

10.      Analogously, in the negligence context a cause of action for negligence does not accrue for limitations purposes until the existence of redressable harm or injury has been established. <u>Peat Marwick et al. v. Lane,</u> 565 So. 2d 1323 (Fla. 1990); <u>Christensen v. Erogest, Inc.</u>, 906 So. 2d 343 (Fla. DCA 2005)

11.      Further, the Florida legislature has stated that a cause of action accrues or begins to run when the last element of the cause of action occurs. <u>Margate v. Andromides</u>, 732 So 2d 507 (4th DCA 1999); <u>Olson v. Johnson</u>, 961 So 2d 356 (2nd DCA 2007).

12.      Clearly, based upon the record evidence, the conduct of the parties and former parties, their attorneys and specifically how this case developed from day one until now, the statute of limitations against NBTY, INC., did not start to run until the Court's Order of June 28, 2011 (Exhibit 2). Prior to that date there existed no duty, no legal duty or cause of action against NBTY, INC. and they obviously knew that because their Motion for Summary Judgment is 100% silent on how if at all NBTY, INC. was liable to Plaintiff until the Court ruled they were not the statutory employer of Plaintiff under Florida Statute

*Oliva, et ux. v. NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division: Ft. Lauderdale
Case No. 11-80850-CIV-DIMITROULEAS

§ 440.11 or what redressable harm was established prior to that date.

13.     Further, NBTY, INC., by its own conduct, by its officers, directors, lawyers entered into a written settlement agreement in the Workers Compensation case (Exhibit 4) that they were in fact the employer.  If true, they had statutory immunity.  That was the entire focus of four years of litigation; who was Plaintiff employer,  REXALL or NBTY, INC. As the Court ruled, only one company was entitled to immunity under Florida Statute § 440.11 and that was not determined until the trial in June 2011. Irrespective of which time period is chosen, the date of (Exhibit 4), the Agreement or the Order of June 28, 2011 (Exhibit 2), the Third Amended Complain, filed in July 2011, adding NBTY, INC.  as Defendant, was filed within the  four year statute of limitations.  Defendant, NBTY, INC.'s Motion for Summary Judgment ignores in its entirety all of these issues and their entire argument is the date of accident is June 26, 2007 and NBTY, INC.  was not made a party until July 18, 2011.

*Oliva, et ux. v. NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division: Ft. Lauderdale
Case No. 11-80850-CIV-DIMITROULEAS

<u>III</u>

**<u>PLAINTIFF'S STRICT PRODUCT LIABILITY CLAIM (COUNT III) IS WITHIN BOTH</u>**

**<u>FOUR (4) YEAR STATUTE OF LIMITATIONS AND TWELVE YEAR STATUTE OF</u>**

**<u>REPOSE, FLORIDA STATUTE §93.031(1)(d)</u>**

14.     Plaintiff's Third (3rd) Amended Complaint (Exhibit 3) alleges in Count III that

Defendant, NBTY, INC.  concealed prior defects from Plantiff and in fact had prior

knowledge of defects of this product as supported by the NBTY, INC.'S  exhibits attached

to Plaintiff's Third (3rd) Amended Complaint.

15.     Further, in paragraph 39 of plaintiff's Third Amended Complaint, Plaintiff

alleges that immediately after Plaintiff's accident, Defendant shut down the blender, took

it out of service and was eventually altered and changed to a manual device and such facts

are supported by numerous depositions taken of Defendant's personnel and cannot be

disputed and is likewise contained in the transcripts previously filed with this Court..

16.     What also cannot be disputed by Defendant and as alleged in Plaintiff's Third

Amended Complaint is Defendant bought the subject blender second-hand, and over the

years, altered it, changed it and  modified it from its original design with components of a

design distinct from the original up through the date of Plaintiff's injury.  Based upon the

allegation in the Plaintiff's Third Amended Complaint and the record in this case, Count III

*Oliva, et ux. v. NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division: Ft. Lauderdale
Case No. 11-80850-CIV-DIMITROULEAS

cannot be subject to Defendant's statute of limitations defense; either the four year statute of limitations or twelve year statute of repose.

17.   Further, as Defendant is alleged to have concealed and altered the blender, with different components distinct from the original extends any statute of limitations or repose. Stimpson v. Ford Motor Company,, 988 So 2d 1119(Fla. 5th DCA 2008); Butchkosky v. Enstrom Helicopter Corp., 855 F. Supp 1257 (S.D. Fla. 1993).


## IV

## COURT'S JUNE 28, 2011 ORDER (EXHIBIT 2) FINDS THE DATE OF PLAINTIFF'S ACCIDENT JULY 27, 2007 AND PLAINTIFF RELIED UPON SAME AND DEFENDANT DID NOT OBJECT

18.   The Court's Order of June 28, 2011 (Exhibit 2) lists Plaintiff date of accident as July 27, 2007; not June 26, 2007.

19.   The Plaintiff filed his Third Amended Complaint on July 18, 2011, within four (4) years of the date of accident listed on the Court's Order.  In fact, as will be discussed later in this Response, Defendant remained silent on statute of limitations until they filed their summary judgment motion in Federal Court.

20.   Defendant did not object to the subject Order and took no action under Florida Rule of Civil Procedure § 1.540 to correct any error.

*Oliva, et ux. v. NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division: Ft. Lauderdale
Case No. 11-80850-CIV-DIMITROULEAS

21.     As the Defendant later sought removal to this Court, the State Court is now divested of jurisdiction. Miller v. Fortune, Insurance Co., 453 So 2d 489 (Fla. 2nd DCA 1984).

22.     Though it may be oversight, inadvertence, or mistake, Plaintiff reasonably relied upon the Court's Order and finding of the date of accident.  Such a mistake or inadvertence and Plaintiff's reliance upon the Order should not be held against the Plaintiff and such miscalculation or mistake is excusable and should entitle Plaintiff to the relief that his claims against NBTY, INC. were timely filed or would have been timely filed but for the mistake in the Court's Order. Shampaine Industries, Inc. v. So. Broward Hospital District, 411 So. 2d 364 (Fla. 4th DCA 1982).

## V

## NBTY, INC. STATUTE OF LIMITATIONS DEFENSE IS BARRED
## BY THE DOCTRINE OF EQUITABLE ESTOPPEL

23.     In looking back on the four years of litigation we find very interesting conduct committed by Defendant NBTY, INC as well as former  Defendant REXALL SUNDOWN, INC., its wholly own subsidiary.

24.     Perhaps causing confusion by their conduct in the Workers Compensation case and State Court litigation was a tactic to induce Plaintiff into confusion and potential loss of his rights.

-10-

*Oliva, et ux.  v.  NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division:  Ft.  Lauderdale
Case No.  11-80850-CIV-DIMITROULEAS

25.     How does a company whom Plaintiff allegedly worked  for (REXALL) for  ten (10) years  not  appear  anywhere  on a  Workers' Compensation settlement  agreement (Exhibit 4).  Not mentioned once, it curiously names its parent company (NBTY, INC.) who continued to deny they were the employer though the Agreement was prepared, reviewed and approved by corporate officers and attorneys of NBTY, INC. and which Agreement was entered into between Plaintiff and NBTY, INC.  during the pendency of the State Court lawsuit.  Is Plaintiff not allowed to rely upon a court approved agreement he signed with another party?

26.     When this conflict in employment is finally revealed during the pending litigation, NBTY, INC. not only fails to seek reformation of the Agreement  (Exhibit 4), but then takes the position it is a mistake and  NBTY, INC.  is not the employer and instead of reformation  seeks a bifurcated trial based on the its own agreement  and the conflict they created because of it.  Is any of this fair to the Plaintiff?  Having to either choose or fight to determine who his employers are.

27.     Then after the conclusion of the trial, they were provided with a copy of the Court's June 28, 2011 Order which finds the date of Plaintiff's accident to be July 27, 2007 and not June 26, 2007, yet fails to correct it; fails to bring it to anyone's attention; fails to object and remains silent.  Yet use the same Order as the basis for removal to this Court.

-11-

*Oliva, et ux.  v.  NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division:  Ft.  Lauderdale
Case No.  11-80850-CIV-DIMITROULEAS

28.     When Plaintiff then  moved to add NBTY, INC. to the pending state litigation in July 2011, NBTY, INC.'s lawyers who are also REXALL SUNDOWN, INC.'S lawyers announcement  to the  Court and they have no objection to the Amendment, no objection adding NBTY, INC.  as a party and  never mentioned statute of limitation as a basis for objection.

29.     After Defendant removes the case, in their Notice of Removal, they remained curiously silent on any issue of statute of limitations relating to NBTY, INC.  which would have affected their right to removal and silent on the wrong date of accident..

30.     In their response to Plaintiff's Motion to Remand, NBTY, INC. is silent on the statute of limitations issue in their response, as well as in oral argument to this Court.  They said nothing, absolutely nothing about the statute of limitations notwithstanding they filed their Answer and pled same as an affirmative defense.

31.     They did not raise the statute of limitations by way of Motion to Dismiss which would have been proper in a statute of limitations issue  as clear cut as Defendant makes it out to be in their Motion..

32.     What they did was wait until the time lapsed in the Scheduling Order for Plaintiff to file an Amended Complaint and only then did they raise this statute of limitations issue by way of Motion for Summary Judgment.

*Oliva, et ux. v. NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division: Ft. Lauderdale
Case No. 11-80850-CIV-DIMITROULEAS

33.     Also, their Motion for Summary Judgment is nothing more than a first year law student outline of what the statute of limitations is and is 100% silent on how if at all back in June 2007, NBTY, INC., was liable to Plaintiff; or what redressable harm existed; 100% silent on any of the history of this case and 100% silent on when any cause of action accrued against NBTY, INC. and fails to discuss the Order o June 28, 2011 fails to discuss four year history of litigation or the settlement with Mr. Oliva and NBTY, INC. (Exhibit 4)

34.     Based upon the foregoing, should any of Plaintiff's prior arguments in support of this Response fail, Plaintiff asserts that the theory of Equitable Estoppel operates to bar NBTY. INC. statute of limitations defense.

35.     The Doctrine of Equitable Estoppel has been recognized and applied as a valid defense to a limitations period defense. Morsani. v. Major League Basketball, 790 So. 2d 1071 (Fla. 2001); Ryan v. Gonzalez, 841 So. 2d 510 (Fla. 4th DCA 2003).

36      The doctrine presupposes that Plaintiff knows of the facts underlying the cause of action, but delayed filing such because of Defendants' conduct. Cook v. Deltona 753 F. 2d 1552 (11th Cir. 1985).

37.     As the supreme Court stated in Morsani, "equitable estoppel differs from other legal theories that may operate to defect the statute of limitations, such as accrual, tolling, equitable tolling, and waiver. Equitable estoppel presupposes a legal shortcoming in a party's case that is directly attributable to the opposing parties misconduct. The

-13-

*Oliva, et ux. v. NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division: Ft. Lauderdale
Case No. 11-80850-CIV-DIMITROULEAS

doctrine bars the wrongdoer from asserting that shortcoming and profiting from his or her

own misconduct. Equitable estoppel thus functions as a shield, not a sword, and operates

against the wrongdoer, not the victim."

The Court went on to explain:

"Equitable estoppel.... is not concerned with the running and suspension of the

limitations period, but rather comes into play only after the limitations period has ran and

addresses itself to the circumstances in which a party will be estopped from asserting the

statute of limitations as a defense to an admittedly untimely action because his conduct

has induced another into forbearing suit within the applicable limitations period. Its

application is wholly independent of the limitations period itself and takes its life, not from

the language of the statute, but from the equitable principle that no man will be permitted

to profit from his own wrongdoing in a court of justice. Thus, because equitable estoppel

operates directly on the defendant without abrogating the running of the limitations period

as provided by statute, it might apply no matter how unequivocally the applicable limitations

period is expressed.

38.     Defendant, NBTY, INC. in its Motion admits that Plaintiff was aware of his

previous claims and cannot argue against this nor can it argue it did not induce Plaintiff to

forgo filing  suit against them because of NBTY, INC.'s conduct as well as its sister

company REXALL SUNDOWN, INC.'s conduct in the workers' compensation claim and

*Oliva, et ux. v. NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division: Ft. Lauderdale
Case No. 11-80850-CIV-DIMITROULEAS

settlement; the underlying bifurcated case; NBTY, INC.'S acceptance of the June 28, 2011

Order; and its silence until the filing of this Motion.

39.   Plaintiff has met the criteria established under the law to establish a claim of

equitable estoppel and in the event this Court rejects Plaintiff's prior arguments herein,

Plaintiff asks this Court to estop NBTY, INC. from asserting the statute of limitations

defense because their conduct including the conduct of its wholly owned subsidiary

REXALL SUNDOWN, INC. induced Plaintiff into forbearing suit within the four year statute

of limitations.

<u>VI</u>

**<u>CONTRARY TO DEFENDANT POSITION THE RELATION BACK</u>**

**<u>DOCTRINE DOES APPLY TO MAKE NBTY, INC. A PARTY</u>**

40.   As the Court in <u>Schwartz v. Wilt Chamberlains</u>, 725 So. 2d 457 (Fla. 4th

DCA 1999) stated:

> "the objective of a pleading, of all pleadings is merely to provide
>
> a method for setting out the opposing contentions of the parties.
>
> No longer are courts concerned with the tricks and technicalities
>
> of the trade. The trial of a lawsuit should be a sincere effort to

*Oliva, et ux.  v.  NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division:  Ft.  Lauderdale
Case No.  11-80850-CIV-DIMITROULEAS

arrive at the truth.  It is no longer a game of chess in which the

technique of maneuver captures the parties."

41.    Speaking of which,  Defendant's argument in their Motion concerning this

issue is so insincere and incomplete and lacking on a what the true law on this issue really

is.  Plaintiff will provide a more through analysis.

42.    The Defendant failed to advise this Court of the many Florida and Federal

decisions which have liberalized the "addition of a new party" rule standard to allow relation

back where the new party is sufficiently related to an original party, where the new and

former parties have an identity of interest that does not prejudice the opponent.  Schwartz

supra; Roback v.  Cassaro, 837 So.  2d 1061 (Fla.  4th DCA 2003); Williams v.  Avery

Development, 910 So.  2d 857 (Fla 4th DCA 2005); Lathrop v.  Dillards, 2008 U.S. Dist.

Lexis 101471 (2008); Hughes v.  American Tripoli, 2007 U.S. Dist Lexis 48866 (2007).

43.    An identity of interest is manifested in such circumstances, the new and

former parties:  (See trial transcript of Harvey Kamil previously filed)

1.    Operation out of same office or location (REXALL SUNDOWN, INC.   and

NBTY, INC.)  shared offices in Long Island, New York and Boca Raton,

Florida;

2.    Have overlapping officers and directors (yes REXALL SUNDOWN, INC. and

NBTY, INC.);

-16-

*Oliva, et ux. v. NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division: Ft. Lauderdale
Case No. 11-80850-CIV-DIMITROULEAS

3.     Share the same attorney  (yes for both REXALL SUNDOWN, INC.   and NBTY, INC.);

4.      Receive service of process at the same location (ditto - C.T. Corporation yes for both REXALL SUNDOWN, INC and NBTY, INC.); and

5.       Plus there are numerous other identity of interesting circumstances between the two companies, including SEC filings by NBTY, INC on behalf of REXALL SUNDOWN, INC.; shared stock plans; workers compensation coverage; health coverage and other mutual interests.

44.     The relation back doctrine applies where the newly added  party has early knowledge of the litigation prior to the running of the statute of limitations and knew or should have known that Plaintiff made a mistake (or that in this case also the Court made a mistake) so that the newly added party was deemed to have suffered no prejudice by being tardily brought in.

45.     That all the record evidence and prior filings with this Court, including the State Court Trial transcript shows that Plaintiff has met the elements under the law to allow the parent company (NBTY, INC.)  to relate back to the filing against its wholly-owned subsidiary (REXALL SUNDOWN, INC.).  The facts against both remain the same; the theories of liability are the same; the damages sought against both are the same and

*Oliva, et ux. v. NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division:  Ft. Lauderdale
Case No.  11-80850-CIV-DIMITROULEAS

REXALL SUNDOWN, INC.  is a wholly-owned subsidiary of the parent company NBTY,

INC.  and the profits of REXALL SUNDOWN, INC.  are the profits of NBTY, INC.

46.     Finally, notwithstanding Defendant's  lack of sincerely in discussing the law

on issue, NBTY, INC.'S Motion is silent on how application of this law would be of prejudice

to them as they were required to demonstrate in their Motion, as required by the case law.

## VII

## NBTY, INC STATUTE OF LIMITATIONS DEFENSE IS A JURY QUESTION

47.     Alternatively, the issues raised by Plaintiff in this Response, specifically the

issues relating to the dating of the Workers compensation Settlement and between Plaintiff and

NBTY, INC.  and Exhibit 4; the Court Order finding REXALL SUNDOWN, INC.  the employer

and not NBTY, INC. (Exhibit 2); the product changes, concealment of defects and subsequent

destruction of the product as alleged in Count III of Plaintiff's Third Amended Complaint all

create issues of fact on this issue of statute of limitations, and the issues triable by a jury and

for which summary judgment is not proper.  See case law previously cited above.

## CONCLUSION

48.     For the reasons, theories, legal analysis and/or arguments presented herein,

Plaintiff's ask this Court to deny Defendant's Motion for Summary Judgment in its entirety as

-18-

*Oliva, et ux.  v.  NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division:  Ft.  Lauderdale
Case No.  11-80850-CIV-DIMITROULEAS

a defense to its lawsuit or in the alternative ask to deny said Motion as the issues presented

raise questions of fact for a jury.

> GLICK & GRIFE
> Counsel for Plaintiffs
> 2255 Glades Rd., #324-A
> Boca Raton, FL  33431
> Tel. 561/391-0448
> FAX     330-3593
>
>
> By: _____
>        Brian J. Glick
>        Florida Bar No. 328359
>        lawboca@aol.com

*Oliva, et ux.  v.  NBTY, etc., et al.*
U.S. District Court, Southern District of Florida
Division:  Ft.  Lauderdale
Case No.  11-80850-CIV-DIMITROULEAS

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing has been provided by CM/ECF to Seth P.  Robert, Esquire, Brown, Robert LLP, 150 N.  Federal Highway, #200, Ft.  Lauderdale, FL  33301; Seth P.  Robert, Esquire, Brown, Robert LLP, 150 N.  Federal Highway, #200, Ft.  Lauderdale, FL  33301; David A.  Meyers, Esquire, Husch, Blackwell, Sanders LLP, 4801 Main St., #1000, Kansas City, MO 64112; and William E.  Corum, Esquire, Husch, Blackwell, Sanders LLP, 4801 Main St., #1000, Kansas City, MO 64112, on November _____, 2011.

GLICK & GRIFE
Counsel for Plaintiffs
2255 Glades Rd., #324-A
Boca Raton, FL  33431
Tel. 561/391-0448
FAX      330-3593

By: _____
    Brian J. Glick
    Florida Bar No. 328359
    lawboca@aol.com

S:\Users\BRIAN\2-CASES\Oliva, Juan B. v. Rexall Sundown\Oliva v. NBTY and Parkhideh\pleadings - USDC (Southern, FTL) USE\Response 2 NBTY MSJ-SoL2.frm